UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

**ANGELIQUE A. BLACKMON**,

    Plaintiff,

v.

**SENSATIONS CABARET, INC.**,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff ANGELIQUE ALICE MONET BLACKMON ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, SENSATIONS CABARET, INC., a Florida Profit Corporation ("Defendant"), and as grounds states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief resulting from Defendant's violations of the minimum and overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "Fair Labor Standards Act," the "FLSA," or the "Act").

2. Jurisdiction is conferred on this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper for the U.S. Court for the Southern District of Florida because: (i) Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted and continue to conduct business in the Southern District of Florida; (ii) the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; and (iii) Defendants are subject to personal jurisdiction there.

4. Plaintiff resided within the Southern District of Florida during all times material to this lawsuit. Plaintiff is over the age of eighteen and otherwise *sui juris*.

## PARTIES

5. Plaintiff was employed by Defendant on a full-time basis from August 2022 through February 15, 2023, performing work for Defendant's benefit as an exotic dancer. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant is a Florida profit corporation organized and existing under and by virtue of the laws of Florida, and is registered to do business in Florida. Defendant maintains its principal place of business in Stuart, Florida, conducted substantial and continuous business within the Southern District of Florida during all times material hereto, and is subject to the laws of the United States and the State of Florida.

7. Defendant purchases, sells, and utilizes goods and materials which have been transported through commerce across state lines.

8. Specifically, Defendant operates an adult entertainment club which sells and/or markets its services to customers throughout the U.S., purchases goods and materials from outside of the State of Florida, obtains and solicits funds from non-Florida sources, and uses telephonic transmissions crossing state lines to do business.

9. Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1) in that, throughout Plaintiff's employment, Defendant has employed individuals who engage in commerce or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

10. Specifically, throughout Plaintiff's employment, Defendant employed individuals who regularly process interstate credit card transactions, conduct interstate telephone calls, and

serve alcohol products which have been transported into Florida across state lines as part of their job duties for Defendant.

11. Upon knowledge and belief, Defendant has annually done business or earned gross revenue which exceeds $500,000 for each of the past three years.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff is a non-exempt employee of Defendant, is subject to the payroll practices and procedures set forth herein, and has worked more than forty hours during one or more workweeks for Defendant's benefit within the three years preceding the filing of this Complaint.

13. Plaintiff worked for Defendant from August 2022 through February 15, 2023 as an exotic dancer. Her primary job duties included performing dances and providing entertainment for Defendant's clientele. Plaintiff did not have independent decision-making authority with respect to her job duties for Defendant.

14. Throughout Plaintiff's employment, Defendant:

    a. Wrote and issued Plaintiff's work schedule;

    b. Set and enforced company policies regulating Plaintiff's appearance, behavior, and attendance at work;

    c. Set the fees that Plaintiff was required to charge Defendant's customers; and

    d. Required Plaintiff to pay set amounts of her earned tips to various employees of Defendant on a nightly basis.

15. Throughout her employment with Defendant, Plaintiff regularly worked six days per week for between seven and ten hours per day—averaging between forty-two to sixty hours per week.

16. While working for Defendant, Plaintiff was compensated only with tips which she received directly from the customers of Defendant's establishment.

17. As a condition of Plaintiff's employment, Defendant required Plaintiff to pay out set amounts from the tips that she received from Defendant's customers, including:

    a. A nightly "house fee" which fluctuated depending on the time of day that Plaintiff worked;

    b. Mandatory payments to DJs and bouncers working for Defendant; and

    c. A percentage of the tips generated from each private dance that Plaintiff performed for Defendant's customers.

18. Throughout the entirety of Plaintiff's employment, Defendant did not compensate Plaintiff whatsoever for the work that she performed for Defendant's benefit.  As a result, Defendant has willfully failed to pay Plaintiff at a rate higher than or equal to Florida and federal minimum wage.

19. Further, throughout Plaintiff's employment, Defendant failed to comply with 29 U.S.C. §§ 201 - 219 in that Plaintiff performed more than forty hours of work each workweek for which Defendant willfully failed to pay Plaintiff at a rate of at least one and one-half times her regular rate of pay.

20. Defendant maintained complete control over the hours that Plaintiff worked and the pay that she was to receive.

21. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay the firm a reasonable fee for its services.

22. Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendant if Plaintiff is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA (MINIMUM WAGES)

23. Plaintiff re-alleges and reaffirms paragraphs 1 through 22 as though the same were fully set forth herein.

24. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 206.

25. Throughout Plaintiff's employment with Defendant, Plaintiff was an employee required to be paid a minimum hourly wage for each hour she worked, and was entitled to receive those minimum hourly wages no later than Defendant's regularly established pay day.

26. Defendant has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2), by failing to timely pay Plaintiff at least a minimum hourly wage on the regularly scheduled pay date throughout Plaintiff's employment with Defendant.

27. Defendant did not compensate Plaintiff whatsoever for the work that she performed for Defendant's benefit throughout Plaintiff's employment. Additionally, Defendant made improper deductions to the tips that Plaintiff received.

28. Defendant knew of or showed reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked each pay period. Accordingly, Defendant owes Plaintiff liquidated damages equaling the amount of Plaintiff's unpaid minimum wages throughout her employment with Defendant.

29. Plaintiff has incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

30. As a result of Defendant's intentional, willful, and unlawful acts, Plaintiff has suffered damages and has incurred costs and reasonable attorneys' fees.

31. Plaintiff seeks to recover all unpaid wages accumulated from her date of hire by Defendant.

32. Throughout Plaintiff's employment, Defendant never posted any notice as required by the Act to inform Defendant's employees of their federal rights to overtime and minimum wage payments.

33. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to recover liquidated damages from Defendant.

34. Plaintiff has retained the undersigned counsel to represent her in this action and, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest;

    C. Award Plaintiff an equal amount in double damages/liquidated damages;

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
### VIOLATION OF FLSA (OVERTIME)

35. Plaintiff re-alleges and reaffirms paragraphs 1 through 22 as though the same were fully set forth herein.

36. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees

under the provisions of 29 U.S.C. § 201 *et seq.* 29 U.S.C. § 207 (a)(1) states that "[n]o employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

37. From the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing individuals who have worked more than forty (40) hours per workweek without properly compensating them for all overtime hours at a rate no less than one and one-half times their regular rate of pay.

38. Specifically, throughout her employment Plaintiff regularly worked between forty-two and sixty hours per week for Defendant's benefit.  However, Defendant did not compensate Plaintiff at a rate of at least one and one-half times her regular rate of pay for any of the hours that Plaintiff worked over forty per workweek.

39. Defendant is and was, during all material times, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.

40. Specifically, Defendant operates an adult entertainment club which regularly processes interstate credit card transactions, conducts interstate telephone calls, and serves alcohol products which have been transported into Florida across state lines.

41. Plaintiff was not exempt from the overtime provision of the Act pursuant to any provisions thereof.

42. Plaintiff did not possess independent decision-making authority with respect to her job duties for Defendant including the days and times that she worked, the fees that Plaintiff was required to charge Defendant's customers, and the amounts that Plaintiff was required to pay out.

43. Throughout Plaintiff's employment, Defendant has knowingly and willfully failed to pay Plaintiff at a rate of at least one and one-half times her regular rate of pay for all hours worked over forty per workweek.

44. By reason of Defendant's intentional, willful, and unlawful acts, Plaintiff has suffered damages and has incurred costs and reasonable attorneys' fees.

45. Plaintiff seeks to recover for unpaid wages accumulated within three years of the filing of this complaint.

46. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

47. Plaintiff has retained the undersigned counsel to represent her in this action and, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: July 26, 2023			Respectfully submitted,

*/s/ P. Brooks LaRou*
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Florida Bar No. 115784
Email: juan@peregonza.com
P. Brooks LaRou, Esq.
Florida Bar No. 1039018
Email: brooks@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
5201 Blue Lagoon Drive, Suite 290
Miami, Florida 33126
Telephone: (786) 650-0202
Facsimile: (786) 650-0200
*Counsel for Plaintiff*